*371 OPINION of the Court, by
judge Owsley.
— This Was an action brought by Shaw in the court below on a covenant made by Hurd to commence building a barn for Shaw against the middle of May 1808, and finish it against the first of July 1808. Covenants performed was pleaded, and leave given to give the special matter in evidence. A verdict was obtained i,n favor of Hurd, and the application of Shaw for a new trial overruled and judgment rendered on. the. verdict, *372 from which Ais writ of error .with supersedeas has been prosecuted. _ . . ,
_ . , The only points we shall notice in determining this cause grow out of the refusal of the court to grant a new tr¡a] That motion was made on the grounds of the ; . . , , j verdict being contrary to law and evidence.
Jt ⅛ plain Hurd did not on the trial in the court be- ¶ support the plea of covenants performed. -There rr r i was a total lack of evidence to prove a na n was bunt by him for Shaw. But as Hurd was permitted to avail himself qf any legal defence to the action, it becomes ne-eessary to inquire whether, as is contended by Hurd, he was prevented by Snaw from performing the work according to his covenant i
It will not be denied but what Efurd will be excused from this action if by the act of Shaw he has been pre-vente<^ from performing the work according to his co-yenant. But unless Hurd was discharged or prevented by Shaw, he should clearly have commenced the work against the middle of May 1808, and if he failed to commence the work against that period no subsequent act of Shaw in refusing to receive the work can operate as an excuse for the failure. The evidence proves Hurd had a number of shingles made, about ten miles distant from Shawls, on the middle of May ; but there is nothing in the cause to shew Shaw at that date had any knowledge thereof; apd from other circumstances in the cause it is apparent Hurd did not intend them for the work in question : for it seems several days after the work should have been commenced, Hurd met Shaw in the-road, not far distant from his house, and told him he„was going to build his barn ; Shaw then replied he was too late, and that he would not then take the work, as he had not come in time ; to which Hurd answered he then tendered the work.
Had Hurd commenced the work according to contract, and been going in good faith with an intent to .fi> nish it, when it was perceived Shaw refused to receive the work, owing to its not having been commenced in time, that objection would then have been removed bv a reply of the work haying been begun in proper time. As this was not done, but a tender then made of the work, the inference is strong the work had not been commenced. But if it were commenced, as Shaw had *373 no knowledge thereof his refusing to permit Hurd'to be* gin, under the circumstances of this case, should not operate as a discharge to Hurd from his covenant: for as Hurd was bound to do the work in a specified time, ⅛ was incumbent on him to do every thing necessary on his part to a compliance with his undertaking. He should therefore, if the work had been begun, have informed Shaw thereof, and been prepared to perftAn the balance. This was not however done ; we think therefore the evidence did not justify the verdict of the jury, and that the court below should have awarded a new trial. ’ '
The judgment must be reversed with costs, the causa remanded, a new trial awarded, and such other and farther proceedings.had as may be necessary to a final decision. ' • . •